**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE S. SANCHEZ,<br><br>       Plaintiff,<br><br>    v.<br><br>LAW OFFICE OF TODD L. CRAMER,<br><br>       Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## <u>COMPLAINT</u>

      NOW comes SHANE S. SANCHEZ ("Plaintiff"), by and through his attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of LAW OFFICE OF TODD L. CRAMER ("Defendant"), as follows:

### NATURE OF THE ACTION

   1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of California.

**PARTIES**

4.   Plaintiff is a consumer over-the-age of 18 residing in Kern County, California, which is located within the Eastern District of California.

5.   Defendant is a third-party debt collector and a law firm doing business in the State of California. Defendant's principal place of business is located at 4032 Bay Street, Fremont, California 94538. Defendant regularly collects from consumers in the State of California.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.   The instant action stems from Defendant's attempts to collect upon a personal credit card debt ("subject debt") that Plaintiff purportedly owes to OneMain Financial Group, LLC ("OneMain").

8.   Plaintiff incurred the subject debt in order to purchase personal household goods and/or services.

9.   Around January 2, 2018, Defendant, on behalf of OneMain, filed a lawsuit against Plaintiff in the California Superior Court of Kern County.

10.   Defendant filed the aforementioned lawsuit against Plaintiff in order to collect upon the subject debt.

11.   Thereafter, around April 10, 2018, the California Superior Court of Kern County entered a judgment against Plaintiff.

12.   On or around September 4, 2019, Defendant mailed a collection letter to Plaintiff in an attempt to collect upon the subject debt.

13.   In its September 4th letter, Defendant informed Plaintiff that it was seeking to collect an outstanding balance of $4,940.26 for the judgment OneMain obtained to collect upon the subject debt.

14.   Moreover, Defendant's September 4th letter included the following portion:

> If you do not make payment arrangements within ten days from the date of this letter, then I will proceed with collection on the judgment.  If you have any questions please do not hesitate to call.

15.   Upon information and belief, Plaintiff did not make payment arrangements to address the subject debt and Defendant did not proceed with collection on the judgment since the mailing of the September 4th letter.

16.   Subsequently, on or around February 13, 2020, Defendant mailed or caused to be mailed another collection letter in an attempt to collect upon the subject debt.

17.   In its February 13th letter, Defendant reiterated that it was seeking to collect an outstanding balance of $4,940.26 for the subject debt.

18.   Frustrated over Defendant's conduct, Plaintiff spoke with Wajda regarding his rights, resulting in expenses.

19.   Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21.  Plaintiff repeats and realleges paragraphs 1 through 20 as though full set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a.  Violations of FDCPA § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

28. Defendant violated 15 U.S.C. §§ 1692e, e(5), and e(10) when it employed deceptive means to collect upon the subject debt. Specifically, it was deceptive for Defendant to represent in its September 4th letter that it would enforce the judgment OneMain obtained against Plaintiff if he failed to make payment arrangements within ten days of September 4, 2019. Plaintiff did not make payment arrangements and Defendant did not proceed to collect upon the judgment as it threatened

4

in its September 4th letter. Consequently, Defendant did not intend to follow through with its threat. Moreover, Defendant's lack of intent to follow through with its threat is further highlighted by the fact that it mailed another collection letter on or around February 13, 2020, in which Defendant reiterated that it was seeking to collect upon the same amount it outlined in its September 4th letter. Defendant's actions only served to worry and confuse Plaintiff.

    **b. Violations of FDCPA § 1692f**

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by issuing a specific collection threat without the intent to follow through. Any reasonable fact finder will conclude that Defendant's threat was unfair and unconscionable as it was designed to instill and under sense of urgency within Plaintiff to make a payment.

31. As pled in paragraphs 18 through 20, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, SHANE S. SANCHEZ, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

1

2

3   Dated: February 25, 2020          Respectfully submitted,

4                                     Nicholas M. Wajda
                                      **WAJDA LAW GROUP, APC**
5                                     6167 Bristol Parkway
                                      Suite 200
6                                     Culver City, California 90230
                                      Telephone: 310-997-0471
7                                     Facsimile: 866-286-8433
8                                     E-mail: nick@wajdalawgroup.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28